UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS EDWARD FISCHER,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. C20-0006-RSM<br><br>ORDER DISMISSING PETITIONER'S § 2255 MOTION |

### I.  INTRODUCTION

Before the Court is Petitioner's second or successive 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. #1. Petitioner Travis Edward Fischer, proceeding pro se, challenges the 30-month sentence imposed on him by this Court following his jury-trial conviction for mail fraud, theft of government funds, Social Security fraud, Social Security Number Misuse, and making False Statements to the United States. *Id.* at 1; Case No. 2:15-cr-00117-RSM, Dkt. #89. Petitioner challenges his sentence on several grounds. Dkt. #1. The Government responds that Mr. Fischer's Section 2255 motion is successive, and he has not obtained certification from the Ninth Circuit. Dkt. #5. For that reason, the Government argues, this Court has no jurisdiction to consider the merits of Petitioner's claims. Mr. Fischer has failed

ORDER DISMISSING PETITIONER'S § 2255 MOTION - 1

to file a timely Reply brief. After full consideration of the record, and for the reasons set forth below, the Court DISMISSES Mr. Fischer's § 2255 Motion for lack of jurisdiction.

## II. BACKGROUND

The background facts of this case are accurately set forth in the Government's Opposition brief, Dkt. #5. The Court need only recite the procedural background of this case.

On April 15, 2015, Fischer was charged in a twenty-count indictment with the following crimes: (1) Mail Fraud in violation of 18 U.S.C. § 1341 (8 counts); (2) Theft of Public Funds in violation of 18 U.S.C. § 641 (8 counts); (3) Social Security Fraud—Concealment in violation of 42 U.S.C. § 1383a(a)(3); (4) Social Security Number Misuse in violation of 42 U.S.C. § 408(a)(7)(A); and (5) False Statement to the United States in violation of 18 U.S.C. § 1001 (2 counts). Dennis Carroll of the Office of the Federal Public Defender was appointed to represent Fischer. Carroll was eventually joined in that representation by Assistant Federal Public Defender Corey Endo of the same office.

After a jury found Mr. Fischer guilty on all eighteen counts on which the Government proceeded to trial, this Court sentenced him on June 23, 2016 to a term of imprisonment of 30 months and ordered restitution of $466,100.92. *See* Case No. 2:15-cr-00117-RSM, Dkt. #78. The Office of the Federal Public Defender continued to represent Mr. Fischer post-trial. Mr. Fischer filed a timely appeal that raised one issue: whether the inclusion in the jury instructions of a chart summarizing the Indictment's Theft of Public Funds charges, including the name of the particular government agency the government alleged to be the source of the stolen funds, constituted an improper comment on the evidence. *See id*, Dkt. #91. On October 24, 2017, the United States Court of Appeals for the Ninth Circuit affirmed Mr. Fischer's convictions. *Id*.

ORDER DISMISSING PETITIONER'S § 2255 MOTION - 2

On August 10, 2018, Mr. Fischer, proceeding pro se, filed his first 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence on four grounds: (1) denial of Sixth Amendment right to confront witnesses; (2) illegal order that he pay restitution; (3) mail fraud; and (4) ineffective assistance of counsel. *See* Case No. 2:18-cv-001177-RSM, Dkt. #1. This Court considered each of Petitioner's claims and denied his motion on January 8, 2019. *Id.*, Dkt. #9. The Court likewise denied issuance of a certificate of appealability. *Id.*

On January 2, 2020, Mr. Fischer filed the instant petition. Dkt. #1. This petition appears to be a response to this Court's previous order on his 2018 petition, arguing that his sentence should be vacated for violation of Sixth Amendment right to confront witnesses, mail fraud, illegal payment of restitution, and ineffective assistance of counsel. *See id.* at 15-19. These claims were the same grounds of relief raised in his 2018 motion. *See* Case No. 2:18-cv-001177-RSM, Dkt. #1.

### III.   DISCUSSION

#### A. Legal Standard

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255. However, the Antiterrorism and Effective Death Penalty Act "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057,

ORDER DISMISSING PETITIONER'S § 2255 MOTION - 3

1059 (9th Cir. 2011). A motion under Section 2255 is successive if it raises claims that were adjudicated, or could have been adjudicated, on the merits in a previous Section 2255 motion. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

If a petitioner files a successive petition, 28 U.S.C. § 2255(h) provides that a second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). The Ninth Circuit must certify that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. Section § 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "If the petitioner does not first obtain [Ninth Circuit] authorization, the district court lacks jurisdiction to consider the second or successive application." *Lopez*, 577 F.3d at 1061. Thus, "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)).

Here, Petitioner asserts the same grounds for relief from his conviction that were adjudicated on the merits in his 2018 petition. *See* Case No. 2:18-cv-001177-RSM, Dkt. #9. To the extent Petitioner asserts any new grounds for relief, he has not demonstrated that such claims could not have also been adjudicated in his previous petition as well. For these reasons, the Court

ORDER DISMISSING PETITIONER'S § 2255 MOTION - 4

concludes that Petitioner has filed a successive petition. Since Petitioner has not demonstrated that the Ninth Circuit authorized his filing of a successive petition as required by § 2255(h), this Court lacks jurisdiction to consider his § 2255 motion and must therefore dismiss it. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam) (directing the district court to dismiss an unauthorized habeas petition for lack of jurisdiction); *Washington*, 653 F.3d at 1065 (holding that district court lacked jurisdiction to consider petitioner's successive § 2255 motion because the Ninth Circuit had not issued a certificate authorizing such a motion).

Furthermore, Ninth Circuit Rule 22-3 states that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Ninth Circuit Rule 22–3(a). Consistent with recent district court decisions in this circuit, the Court does not interpret this mandate to "refer" to be the same as a transfer to a court of proper jurisdiction by a court lacking jurisdiction under 28 U.S.C. § 1631. *See Spencer v. Cano*, No. LACV1602267VBFPLA, 2016 WL 2760332, at *2 (C.D. Cal. May 12, 2016) (collecting cases). Consequently, the Court shall dismiss this successive petition and refer Petitioner to the Court of Appeals by providing him with the necessary forms to file his petition with the Ninth Circuit.

### B. Certificate of Appealability

Lastly, because this order is not "final" for purposes of 28 U.S.C. § 2253(c)(1)(B), the Court need not consider issuance of a certificate of appealability ("COA"). *See id.* ("It appears doubtful that the COA requirement applies to an order that merely refers a habeas petition to the Ninth Circuit and dismisses the action without prejudice. Such an order arguably should not be viewed as 'final' for purposes of 28 U.S.C. § 2253(c)(1)(A), because it does not conclusively dispose of all claims and issues raised by petitioner."); *see also Vega v. Nunez*, 2014 WL

ORDER DISMISSING PETITIONER'S § 2255 MOTION - 5

1873265, *9 (C.D. Cal. May 8, 2014) ("This is not a final order for purposes of 28 U.S.C. § 1291 because it does not conclusively dispose of all claims and issues as to all parties.") (internal quotations omitted).

## IV. CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) This action is DISMISSED for lack of subject matter jurisdiction. This matter is now CLOSED.

(2) The Clerk shall send to Petitioner (a) copies of this Order and (b) Ninth Circuit Form 12, entitled "Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255", which is available at http://www.ca9.uscourts.gov/forms/.

(3) Petitioner is advised that this referral alone does not constitute compliance with Circuit Rule 22-3 and 28 U.S.C. § 2255(h). Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the requisite showing to obtain leave to file this second or successive habeas petition. Petitioner is directed to consult 28 U.S.C. § 2255(h) and Ninth Circuit Rule 22-3 for further information.

DATED this 26th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITIONER'S § 2255 MOTION - 6